UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

     Plaintiff,

v.                                 Case No. 06-20494

BRENT GROSS,              HONORABLE AVERN COHN

     Defendant.

_____/

## MEMORANDUM AND ORDER
## DENYING DEFENDANT'S MOTION FOR A BILL OF PARTICULARS[1]

### I. Introduction

This is a criminal case.  Defendant, Brent Gross, is charged with eight felony counts of federal tax evasion and related charges.  Before the Court is defendant's motion for a bill of particulars, filed more than five months after his arraignment, requesting the Court to direct the government to furnish defendant with more detail on the allegations contained in the indictment.  For the reasons that follow, the motion is DENIED.

### II.  Background

Defendant, a Michigan resident, filed tax returns for at least the years 1990 through 1999.  On September 19, 2006, a grand jury returned an eight count indictment charging defendant with four counts of federal tax evasion for the years 2000 through

---

[1]Although ordinarily this matter would be scheduled for hearing.  Upon review of the parties' papers, however, the Court finds that oral argument is not necessary.  See E.D. Mich. LR 7.1(e)(2).

2003, in violation of 26 U.S.C. § 7201, three counts of filing false amended returns for the years 1997 through 1999, in violation of 26 U.S.C. § 7206(1), and one count of passing a false instrument, in violation of 18 U.S.C. § 514(a)(2).  Defendant failed to appear for his first scheduled arraignment hearing on October 13, 2006; appeared on October 16, 2006, with out-of-state counsel who could not be sworn in; and appeared without counsel on November 9, 2006, at which time he pled not guilty.  After hearings regarding defendant's pro se status, he has since retained counsel, who filed the instant motion.

### III.  Analysis

### A.  The law

### 1.  Bill of Particulars

"A defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits."  FED. R. CRIM. P. 7(f).  The trial court has sound discretion in deciding whether to order a bill of particulars.  United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993).  The purpose of a bill of particulars is that the defendant might know the nature of the charges against him with "sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead [double jeopardy] when the indictment itself is too vague and indefinite for such a purpose."  United States v. Birmley, 529 F.2d 103, 108 (6th Cir. 1976).  An indictment is adequate if it states the elements of the offense charged, notifies the defendant of what he must be prepared to meet, and permits the defendant to plead double jeopardy later.  United States v. Cor-Bon Custom

Bullet Co., 287 F.3d 576, 579 (6th Cir. 2002). Where an indictment sets forth the elements of the charge, the time and place of a defendant's conduct in violation of the law, and a citation to the relevant statute, a bill of particulars is not necessary. United States v. Roya, 574 F.2d 386, 391 (7th Cir. 1978), cert. denied, 439 U.S. 857 (1978); see also United States v. Branan, 457 F.2d 1062, 1064 (6th Cir. 1972) (reference to a specific section of a statute is sufficient to "meet the test that the indictment must sufficiently apprise the defendant of what he must be prepared to meet" and to enable the defendant to plead double jeopardy later). A defendant is not to use a bill of particulars as a tool for pre-trial discovery. Salisbury, 983 F.2d at 1375. This Court may, in its sound discretion, "decline[] to require the Government to answer a set of detailed interrogatories in the guise of a bill of particulars," especially if opportunity for liberal discovery exists. United States v. Kenny, 462 F.2d 1205, 1212 (3d Cir. 1972), cert. denied 409 U.S. 914 (1972).

## 2. The Charges Against Defendant

As noted above, defendant is charged with tax evasion under 26 U.S.C. § 7201 and presenting a false instrument under 18 U.S.C. § 514(a)(2). A person who "willfully attempts in any manner to evade or defeat any tax imposed by [the Internal Revenue Code of Title 26] or the payment thereof" is guilty of a felony. 26 U.S.C. § 7201 (2000). A person who "willfully makes and subscribes any return [with] a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter" is guilty of a felony. 26 U.S.C. § 7206(1) (2000). A person who, with intent to defraud, passes within the United States a false instrument that appears to be an actual financial instrument is guilty of a class B felony. 18 U.S.C.

§ 514(a)(2) (2000).  In some cases, the United States Supreme Court has held that "the jury must find that the defendant was aware of *the specific provision* of the tax code that he was charged with violating."  Bryan v. United States, 524 U.S. 184, 194 (1998) (emphasis added).  The purpose of this policy is to prevent "highly technical statutes" from "ensnaring individuals engaged in apparently innocent conduct."  Id.  However, even in tax cases, the law does not always require "this heightened *mens rea*."  Id. 194 n.17.  For example, a jury instruction has been approved which stated that "a willful act is one done 'with [the] bad purpose either to disobey or to disregard the law.'"  Id. (quoting United States v. Pomponio, 429 U.S. 10 (1976) (per curiam)).

## B.  Conclusion

The government first contends that the motion for a bill of particulars is untimely because defendant made it several months after arraignment, rather than within the prescribed ten days after arraignment.  See FED. R. CRIM. P. 7(f).  However, the government concedes that the Court has discretion in this regard.  In the interests of a complete record, the motion will be considered.

Defendant says that the indictment is deficient.  He suggests that his is a case in which "the jury must find that the Defendant was aware of the *specific provision of the tax code* that he is charged with violating."  Bryan, 524 U.S. at 194.  The remaining half of defendant's motion comprises a list of questions presumably directed to the government as to the nature of the charges.  The government contends the indictment is sufficient.

The government has the burden to prove beyond a reasonable doubt that defendant knew of his legal duty to pay taxes.  See Cheek v. United States, 498 U.S.

192, 199-200 (1991). This burden may not shift to the defendant. <u>United States v. Alt</u>, 996 F.2d 827, 829 (6th Cir. 1993). The indictment sets out with sufficient particularity all the elements for each count charged. Specifically, for the first four counts, dealing with tax evasion in violation of 26 U.S.C. § 7201 for the years 2000-2003, the indictment alleges: (1) defendant owed taxes to the Internal Revenue Service; (2) defendant attempted to evade or defeat the taxes due by an affirmative act; and (3) in attempting to evade or defeat such taxes, defendant acted willfully. Each of the counts alleges the calendar year in which defendant received taxable income, the approximate amounts of the taxable income and the tax due, and the calendar year in which defendant failed to make an income tax return. The affirmative act of evasion defendant undertook was the filing of a false W-4 that claims exemption from federal income taxes. Counts 5-7 charge defendant with the filing of false amended returns for the tax years 1997-1999 under 26 U.S.C. § 7206(1). Each of the counts alleges the calendar year in which defendant willfully filed a false amended return and the calendar year for which the amended return was made. Count 8 charges defendant with presenting a fictitious financial instrument in violation of 18 U.S.C. § 514(a)(2) and alleges intent to defraud, the type of instrument, the amount of the instrument, and the date defendant mailed it.

This appears to be a standard tax protestor case in which a good portion of defendant's brief reads like interrogatories. The fact that defendant filed tax returns for at least ten years before he allegedly began evading taxes suggests he knew of his legal duty to pay taxes. None of the offenses falls under an intricate or complex section of the Tax Code and therefore none requires a finding that defendant knew of the specific provision he allegedly violated. <u>See Bryan</u>, 524 U.S. at 194 at n.17 For each

charged offense, the indictment cites the relevant section of the United States Code, sets forth all the elements, and alleges the location, approximate date, and, where appropriate, approximate dollar figure involved.

The indictment is not vague or indefinite; rather, it sets out the charges against defendant with sufficient particularity to apprise him of what he is facing at trial and to allow him to plead double jeopardy in the future.  A bill of particulars is not necessary.

SO ORDERED.


 s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  May 30, 2007


I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, May 30, 2007, by electronic and/or ordinary mail.


 s/Julie Owens
Case Manager, (313) 234-5160