UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

 Plaintiff,

                Case No. 06-20494
-vs-                Hon: AVERN COHN

BRENT GROSS,

 Defendant.
_____/

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL, OR, IN THE ALTERNATIVE, TO DISMISS COUNT 7

I.

This is a criminal tax case. Defendant was found guilty by a jury of:

- three counts of an attempt to evade or defeat the payment of tax, in violation of 26 U.S.C. §7201;

- three counts of making and subscribing to a false tax return or other document, in violation of 26 U.S.C. §7206(1); and

- one count of presenting a fictitious financial statement, in violation of 18 U.S.C. §514(a)(2).

Now before the Court is defendant's motion for judgment of acquittal, or, in the alternative dismissal of Count 7. For the reasons that follow, the motion is DENIED.

II.

Defendant's arguments in support of the motion are convoluted and difficult to follow. Defendant is essentially challenging the sufficiency of the evidence to support all

1

of his convictions, raising the same arguments presented in pre-trial motions and put to the jury at trial.  With respect to the charge of presenting a false or fictitious statement (Count 7), he argues that the statute is "unconstitutionally vague and ambiguous."  No useful purpose will be served by either detailing the argument or responding to it.  It is sufficient to say that the government's response to the motion (Dkt # 50) adequately explains the charges against defendant, the overwhelming evidence in support of the charges, and the applicable law.  It is of particular note that defendant does not argue that the jury was improperly instructed as to the law of the case.  In short, the evidence was more than sufficient for the properly instructed jury to convict defendant of the charged crimes.

With regard to Count 7, defendant was charged with a violation of 18 U.S.C. § 514(a)(2), which provides:

> (a) Whoever, with the intent to defraud–
> . . .
> (2) passes, utters, presents, offers, brokers, issues, sells, or attempts or causes the same, or with like intent possesses, within the United States; or
>
> . . .
> any false or fictitious instrument, document, or other item appearing, representing, purporting, or contriving through scheme or artifice, to be an actual security or other financial instrument issued under the authority of the United States, a foreign government, a State or other political subdivision of the United States, or an organization, shall be guilty of a class B felony.

The jury was instructed as follows:

> First, that the defendant passed, presented, or offered a false or fictitious instrument within the United States, or attempted to do the same;
> Second, that the instrument purported or contrived through scheme or artifice to be an actual financial instrument used under the authority of the United States; and
> Third, that the defendant did so with the intent to defraud.

2

Defendant argues that the phrase "issued under the authority of the United States" is ambiguous on its face. This argument lacks merit. The evidence at trial established beyond any doubt that defendant sent to the Internal Revenue Service a "Bill of Exchange" (BOE) in the amount of $2,218.28, which was a false and fictitious document. Since the BOE stated on its face that the funds were to be drawn on the United States Treasure, it purported to be issued under the authority of the United States. This was a clear violation of 18 U.S.C. §514(a)(2), and the jury so found.

III.

What remains is a proper sentence. Defendant should know that if he straightens out his tax affairs with the Internal Revenue Service, it will be a plus factor when he comes to being sentenced. Should defendant persist in his obdurate ways, as reflected in the trial record, it will be a consideration in sentencing.

SO ORDERED.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: August 20, 2007

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 20, 2007, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160